UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NADINE WEINGARTEN,** on behalf of herself and all others similarly situated**,** | |
| Plaintiff, | **COMPLAINT** |
| | **12 CV _____** |
| -vs.- | **Class Action** |
| **PHV CORPORATION, CALVIN KLEIN JEANSWEAR CO. and CALVIN KLEIN, INC.,** | **Jury Demanded** |
| Defendants. | |

Comes now Nadine Weingarten, on behalf of herself and all others similarly situated, and alleges as follows:

1.      Nadine Weingarten (hereinafter Plaintiff) is bringing this action against PHV Corporation, Calvin Klein Jeanswear Co. and Calvin Klein, Inc. (hereinafter collectively "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA").   Congress enacted the TCPA to, among other things, prevent unconsented-to telephone calls to cellular telephone through the use of an automatic telephone dialing system ("autodialer").   Upon information and belief, Defendants have recently caused an autodialer to make thousands of telephone calls to cellular telephones without the consent of the persons whom Defendants called. Therefore, Defendants are liable to Plaintiff and the proposed Class of similarly situated persons under the TCPA.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.      Venue is this judicial district is also proper under 28 U.S.C. §§ 1391 (b)(2)

because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

4.     Plaintiff is a citizen and resident of the state of Connecticut.

5.     Upon information and belief, PHV Corporation is a Delaware corporation with its principal place of business in New York, New York.

6.     Upon information and belief, Calvin Klein Jeanswear Co. is a Delaware corporation with its principal place of business in New York, New York.

7.     Upon information and belief, Calvin Klein, Inc. is a New York corporation with its principal place of business in New York, New York.

## DEFENDANTS' ILLEGAL ACTIONS

8.     Upon information and belief, on or about November 10, 2011, Defendants, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), called Plaintiff's cellular telephone by sending to Plaintiff's cellular telephone a text message that advertised Defendants' products and/or services, and that call was made without Plaintiff's express  prior consent.  A copy of that text message is attached hereto as Exhibit A and is incorporated herein by reference.

9.     Upon information and belief, on or about November 11, 2011, Defendants used an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), to call thousands of persons throughout the United States, without the persons' prior express consent, by sending to those persons' cellular telephones a text message that was identical or substantially similar to the text message attached hereto as Exhibit A.

10.     Upon information and belief, Defendants have, from four years prior to

the date of the filing of the instant Complaint through the date of the filing of the instant

Complaint, used an automatic telephone dialing system as defined in 47 U.S.C. §

227(a)(1), to call thousands of persons throughout the United States, without the persons'

prior express consent, by sending to those persons' cellular telephones text messages that

advertised Defendants' products and/or services.

## THE TCPA

11.     The TCPA prohibits a person from making "any call (other than a call

made for emergency purposes or made with the prior express consent of the called party)

using any automatic telephone dialing system or an artificial or prerecorded voice . . .  to

any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service

for which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA defines the term "automatic telephone dialing system" as

"equipment which has the capacity--  (A) to store or produce telephone numbers to be

called, using a random or sequential number generator; and  (B) to dial such numbers."

47 U.S.C. 227(a)(1).

13.     The FCC has interpreted the prohibitions of 47 U.S.C. § 227(b)(1)(A)(iii)

as applying to text messages sent to the cellular telephones of persons who have not

given prior express consent to such messages.  *See In re Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 27

FCC Rcd. 1830, 1832 (February 15, 2012); *In re Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014,

14115 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the*

*Controlling the Assault of Non–Solicited Pornography and Marketing Act of 2003; Rules*

*and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 19 FCC

Rcd. 15927, 15933, 15934 (FCC August 12, 2004).

14.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

15.      In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for

any person within the United States, or any person outside the United States if the

recipient is within the United States . . . to use any telephone facsimile machine,

computer, or other device to send an unsolicited advertisement to a telephone facsimile

machine[.]"

16.     Plaintiff brings this class action on behalf of itself and all others similarly

situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

17.     Plaintiff seek to represent one Class and one subclass defined as follows:

18.     Class A:  All persons in the United States, from four years prior to the date

of the filing of the instant Complaint through the present who Defendants, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), called, without the persons' prior express consent, by sending to those persons' cellular telephones text messages that advertised Defendants' products and/or services.

19.     Subclass 1:  All persons in the United States, who Defendants, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), called, on or about November 11, 2012, without the persons' prior express consent, by sending to those persons' cellular telephones text messages that were identical or substantially similar to the text message attached hereto as Exhibit A.

20.     Class A and Subclass 1 are hereinafter referred to collectively as the Classes.

21.     <u>Numerosity</u>: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

22.     Upon information and belief there are thousands of class members of the Classes.

23.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' marketing records.

24.     Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the

Court.

25.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of Class A. The claims of the Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.

26.     Plaintiff's claims are typical of the claims of the members of Class A. Defendants, without the prior express permission of Plaintiff  and the members of Class A, used an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), to call the cellular telephones of Plaintiff and the members of Class A by sending a text message to the cellular telephones of Plaintiff and members of class A that advertised Defendants' products, goods and/or services.

27.      Plaintiff's claims are typical of the claims of the members of Subclass 1. Defendants, used an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), without the prior express permission of Plaintiff  and the members of Subclass 1,  called the cellular telephones of Plaintiff and the members of Subclass 1 by sending a text message to the cellular telephone of Plaintiff and members of class A that was identical or substantially similar to the text message attached hereto as Exhibit A.

28.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

29.     The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of calling Plaintiff and members of class A's cellular telephones, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), without Plaintiff's and the members of Class A's prior express

permission, by sending and/or causing to be sent to Plaintiff's and the members of Class A's cellular telephones text messages advertising Defendants' good and/or services violated 47 U.S.C. § 227(b);

(b) Whether Defendants' conduct of calling Plaintiff and members of class A's cellular telephones, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), without Plaintiff's and the members of Class A's prior express permission, by sending to Plaintiff's and the members of Class A's cellular telephones, text messages advertising Defendants' good and/or services, was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' acts and conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

30.    The questions of fact and law common to Subclass 1 predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of calling Plaintiff and members of Subclass 1's cellular telephones, using an automatic telephone dialing system as defined in 47 U.S.C. § 227(a)(1), without Plaintiff and the members of Subclass 1's prior express permission, by sending to Plaintiff's and the members of Class A's cellular telephones text messages identical or substantially similar to the text message attached hereto as Exhibit A, violated 47 U.S.C. § 227(b);

(b) Whether Defendants' conduct of calling Plaintiff and members of Subclass 1's cellular telephones, using an automatic telephone dialing system as defined in 47

U.S.C. § 227(a)(1), without Plaintiff and the members of Subclass 1's prior express permission, by sending to Plaintiff's and the members of Subslass 1's cellular telephones text messages identical or substantially similar to the text message attached hereto as Exhibit A, was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendants' acts and conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

31.     <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

32.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is

remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

33.     <u>Injunctive Relief</u>:  Defendants have acted on grounds generally applicable to Plaintiff and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and the Classes as a whole.

<b><u>AS AND FOR A FIRST CAUSE OF ACTION</u></b>

34.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

35.     By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b)(1)(A)(iii)  against Plaintiff and the members of Class A.

36.     Accordingly, Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than one million dollars ($1,000,000), from Defendants.

37.     If it is found that Defendants acted willfully and/or knowingly, in sending to Plaintiff's and members of Class A's cellular telephones text messages advertising the Defendants' goods and or services,  Plaintiff requests an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. §

9

227(b)(3) for willful or knowing violations.

## AS AND FOR A SECOND CAUSE OF ACTION

38.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

39.     By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b)(1)(A)(iii)  against Plaintiff and the members of Subclass 1.

40.     Accordingly, Plaintiff and the members of Subclass 1 are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than one million dollars ($1,000,000), from Defendants.

41.     If it is found that Defendants acted willfully and/or knowingly, in sending to Plaintiff's and members of Subclass1's cellular telephones text messages identical or substantially similar to the text message attached hereto as Exhibit A,  Plaintiff requests an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

## AS AND FOR A THIRD CAUSE OF ACTION

42.      Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

43.     As described above, upon information and belief, Defendants committed numerous violations of 47 U.S.C. § 227(b).

44.     Accordingly, under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of the Classes are entitled to an injunction against Defendants, prohibiting Defendants from committing further violations of the above-mentioned statutes and regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, prays for:

A.      An order certifying the Classes and appointing Plaintiff as the representatives of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.      An award to Plaintiff and the members of the Classes of statutory damages, in excess of $1,000,000 for each of the Classes, pursuant to 47 U.S.C. § 227(b), against Defendants for Defendants' violations of the TCPA.

C.      If it is found that Defendants acted willfully and/or knowingly as to the Classes, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiff and the members of the Classes in the preceding paragraph, to three times that amount described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations.  Plaintiff will therefore seek an increase from an award in excess of $1,000,000 for each of Classes to an award in excess of $3,000,000 for each of the Classes.

D.      An injunction against Defendants, prohibiting Defendants from committing further violations of the TCPA; and

G.      Such other and further relief as the Court may deem just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury.


Dated: White Plains, New York
           October 18, 2012

Respectfully submitted,


**NADINE WEINGARTEN,**
**by her attorneys**

**BELLIN & ASSOCIATES LLC**


By: /s/Aytan Y. Bellin
      Aytan Y. Bellin, Esq. (ct28454)
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345
aytan.bellin@bellinlaw.com

**SCHLAM STONE & DOLAN LLP**
By: Jeffrey M. Eilender, Esq. (motion for
admission *pro hac vice* to be submitted
shortly)
26 Broadway, 19th Floor
New York, New York 10004
(212) 344-5400
jme@schlamstone.com